**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **WILLIAM BACON** | Case No. 7:16-CR-2 (HL) |

**ORDER**

Before the Court is Defendant William Bacon's Motion for Reconsideration. (Doc. 339). Following Defendant's conviction for conspiracy to unlawfully dispense controlled substances without a legitimate medical purpose, the Court agreed that exceptional circumstances warranted permitting Defendant to remain on bond pending sentencing so that he could undergo a course of radiation therapy. This concession was made with the further understanding that once Defendant's treatment concluded, he would report to the United States Marshal. Defendant's final treatment is scheduled for August 9, 2018. On July 16, 2018, the Court entered an Order (Doc. 228) directing Defendant to surrender to the Marshal by 10:00 a.m. on Monday, August 13, 2018. Defendant moves the Court to reconsider its order regarding self-surrender and requests to remain on bond until his sentencing hearing, which is scheduled for December 5, 2018. The Government objects.

Section 3143(a)(2) provides that a person who has been found guilty of an offense that mandates detention pending the imposition of sentence, as has Defendant, shall be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

The Government concedes that Defendant is not likely to flee the jurisdiction and does not pose any particular danger to the community. (Doc. 343, p. 3). However, the Government has not indicated that it does not intend to seek a custodial sentence, nor is the Court inclined to find that there is a substantial likelihood that Defendant's pending motion for judgment of acquittal or for new trial (Doc. 333) will be granted. Nevertheless, under § 3145(c), the Court still may order Defendant released under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); United States v. Meister, 744 F.3d 1236, 1229 (11th Cir. 2013).

Defendant apprised the Court prior to the commencement of trial that he was experiencing a recurrence of prostate cancer and that he required a course

of radiation therapy. At the conclusion of the trial, the Court found that Defendant's medical condition and the necessity that he undergo prompt treatment qualified as an exceptional reason why his detention should be delayed. However, now that Defendant's course of treatment is drawing to a close, the Court concludes that circumstances no longer justify a finding that detention is not appropriate.

In support of his motion for reconsideration, Defendant attached information from two of his treating physicians. Each doctor confirms that Defendant has been undergoing treatment for prostate cancer and other well-controlled, routine medical conditions. Dr. Buskirk further notes that Defendant has responded well to his recent treatment and that he expects a good long-term prognosis for Defendant. While Dr. Buskirk states that there may be some side effects to the treatment Defendant has received, he does not indicate that Defendant has experienced any of these conditions and otherwise notes that the risk of any long-term side effects is low. In other words, neither of these physicians has provided any information that would lead the Court to conclude that Defendant's health condition may in any way be compromised through his detention pending sentencing.

Accordingly, the Court finds that exceptional reasons no longer render Defendant's detention inappropriate. Defendant's motion for reconsideration is

denied. Defendant shall report to the United States Marshal by 10:00 a.m. on Monday, August 13, 2018, as previously ordered.

**SO ORDERED** this 8th day of August, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks